IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE STANLEY JAMES :
DEVELOPMENT CORPORATION, :
    Debtor :
 :
: : : : : :
 :
STANLEY JAMES DEVELOPMENT :
CORPORATION, : CIVIL NO AMD 05-1726
    Appellant :
 :
v. : BANKRUPTCY CASE NO.
: 98-6-7627-SD
 :
BRIAN A. GOLDMAN, :
    Appellee :

...oOo...

MEMORANDUM OPINION

This is an appeal from an order of the bankruptcy court by the debtor, Stanley James Development Corporation. In a long (i.e., more than five years) and contentious proceeding, the bankruptcy court has attempted to bring to a close this case, which began as a Chapter 11 and was converted to a liquidation. The order from which the appeal was noted permitted the trustee to compromise for $10,000 an ostensible legal malpractice claim pending in state court instituted by the debtor (without the knowledge of the trustee) against the debtor's former bankruptcy counsel. James King, a principal of the debtor, who is not an attorney, purported to file the notice of appeal on the debtor's behalf. Thereafter, Mr. King purported to file in this court a motion for extension of time for the filing of appellant's opening brief. The court has previously dismissed several appeals, and affirmed several orders of the bankruptcy court, where he has taken appeals, in his own right, or purportedly on behalf of the debtor, from prior orders of the bankruptcy court. The trustee, reminding the court of Mr.

King's numerous vexatious and misguided appeals from prior orders of the bankruptcy court, has opposed the motion for extension of time.

I agree that the motion should be denied and the appeal dismissed. First, as noted, Mr. King is not an attorney and is therefore not authorized to prosecute this appeal on the debtor's behalf. The debtor was represented by counsel, of course, before the bankruptcy court. Second, I agree with the trustee that Mr. King's history of filing meritless appeals to this court and to the Fourth Circuit speaks volumes about his lack of good faith in this instance.

In any event, the court has carefully reviewed the order of the bankruptcy court and the transcript of the underlying hearing at which the parties in interest argued the motion to approve compromise. Were the matter properly presented under the applicable standard of review, the court would unhesitatingly conclude that there was no abuse of discretion in the action of the bankruptcy court. *See In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 470 (3d Cir.1998)(setting forth abuse of discretion standard).

For the reasons stated above, an order shall be entered denying the motion for extension of time and dismissing this appeal for lack of prosecution.*

Filed: September 19, 2005

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

---

*The motion for extension of time was filed on July 8, 2005, and the trustee's opposition memorandum was filed on August 31, 2005. As of the date of this Memorandum Opinion, Mr. King has not filed a brief or a reply memorandum.